# IN THE COURT OF APPEALS OF IOWA

No. 14-1194
Filed September 17, 2014

**IN THE INTEREST OF T.S. AND A.P.,**
**Minor Children,**

**E.P., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Romonda D. Belcher, District Associate Judge.

The mother appeals the juvenile court's termination of her parental rights to her children, T.S. and A.P.  **AFFIRMED.**

Monica Cameron of Cameron Law Firm, P.C., Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Janet L. Hoffman, Assistant Attorney General, John P. Sarcone, County Attorney, and Jon Anderson, Assistant County Attorney, for appellee State.

Nicole Nolan of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

The mother appeals the juvenile court's termination of her parental rights to her children, T.S. and A.P. She asserts the juvenile court should have found the bond between her and the children precluded termination, and that, due to this bond, termination is not in their best interests. Because we conclude termination is in the children's best interest, and the parent-child bond consideration set forth in Iowa Code section 232.116(3)(c) (2013) does not preclude termination, we affirm.

T.S., born September 2007, and A.P., born November 2011, first came to the attention of the Iowa Department of Human Services (DHS) due to reports the mother's paramour physically abused the mother in front of T.S. It was also noted there was physical violence between the mother and the father with the children in the home.[1] Upon investigation, it was also discovered the mother was using methamphetamine while the children were in her care. The children were removed from the home on March 28, 2013, and placed in foster care.[2] They were adjudicated in need of assistance on May 2, 2013.

The mother was granted visitation, which she attended sporadically. She did not complete substance abuse treatment and tested positive for methamphetamine throughout the course of these proceedings. She reported that her last use of methamphetamine was in April 2014, and she tested positive

---

[1] The mother was charged with domestic violence while with the paramour, and pled guilty to disorderly conduct.

[2] The children were placed in three different foster homes over the course of these proceedings. The first home refused to care for them because of their severe head lice, and the second could not care for them due to familial difficulties. On October 26, 2013, they were placed with the third family, where they remained at the time of the termination hearing. At the hearing the foster mother testified the children's behavior has improved considerably.

on April 30, 2014; she admitted using marijuana about thirty days before the termination hearing. The mother is unemployed and has not maintained employment that has lasted over six months since 2007. She is currently living with friends, though at the time of the termination hearing she was residing with her father, who is a registered sex offender.[3] She has been diagnosed with anxiety and depression, and has been prescribed Trazodone and Celexa. The mother has suffered from kidney problems for the past two years. Additionally, various DHS workers noted the children and the mother share a bond.

Over the course of these proceedings, the mother did not complete substance abuse treatment, has not consistently provided drug screens, missed various visits, only attended one therapy session, did not attend parenting classes, did not consistently attend Alcoholics and Narcotics Anonymous meetings, did not obtain a sponsor, and did not work with her domestic violence advocate. Due to these difficulties, the State petitioned to terminate her parental rights. Following a contested hearing on June 11 and 12, 2014, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (f), (h), and (*l*) (2013). The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interest. *Id.*

The record supports that the children and the mother share a bond. However, it is clear the mother cannot adequately meet their needs. When

[3] A DHS report dated March 28, 2013, states the father "was formerly on the sex abuse registry;" however, the mother testified he is not allowed to be around anyone under the age of eighteen.

asked how, if the children were returned to her, she could care for them, the mother replied:

> A: Help from family, probably. I can't take them to my father's house. That's my biggest barrier right now.
> Q: He wouldn't be appropriate to be around them, would he?
> A: He cannot be around minor children under the age of eighteen.

When discussing the mother's methamphetamine use, the following exchange occurred:

> Q: And do you believe you can appropriately parent your children while using methamphetamine? A: My children are never in my care when I am using.
> Q: Okay. Well, they were in your care before they were removed; right? A: Right.
> Q: And you were using then. A: I had it in my system. When I am using, I do not have my kids with me.
> Q: Okay. Do you believe that you can appropriately parent your children when you have methamphetamine in your system? A: After sleeping. I know it stays in your system for a while, but after coming down off of it, yes.

It is evident from this record the mother is unable to parent the children adequately, particularly given her lack of concern with regard to her methamphetamine addiction. Consequently, termination is in the children's best interest. *See* Iowa Code § 232.116(2). "We have repeatedly followed the principle that the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579, N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). After years of methamphetamine use, failed substance abuse treatment, unemployment, and unsecure housing, we agree with the juvenile court the mother cannot care for the children. Due to their young age, they are in need of permanency and stability. Consequently, the parent-child bond consideration of Iowa Code

section 232.116(3)(c) does not serve to preclude termination, and we affirm the juvenile court's order terminating the mother's parental rights.

**AFFIRMED.**